# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | 3:13-CR-0190 |
| v. | : | (JUDGE MANNION) |
| JAMES KING,[1] | : | |
| Defendant | : | |

## MEMORANDUM

## I. BACKGROUND[2]

On March 28, 2016, the court issued a Memorandum and Order, (Doc. 58, Doc. 59), and denied defendant James King's February 5, 2016 motion to vacate, set aside or correct sentence, (Doc. 52), filed pursuant to 28 U.S.C. §2255. King's §2255 motion was based on Johnson v. United States, –-U.S.–, 135 S.Ct. 2551 (2015). The court found that King was determined to be a career offender at his sentencing based in part on his three prior convictions for controlled substance offenses and that Johnson did not apply to the definition of controlled substance offense contained in the sentencing guidelines. Thus, the court denied King's first §2255 motion on the merits. In its Order, the court specifically held that there was no probable cause to issue

---

[1]The court notes that King's real name is Male Dixon. The court uses the name King since this was the name repeatedly used in the case caption and in the prior court decisions.

[2]Since the court stated the background of this case in its prior decisions, (Docs. 58 & 66), it will not be fully repeated herein. The background of this case is also stated in the government's opposition brief to King's instant motion. (Doc. 73). *See also* United States v. King, 588 Fed.Appx.139 (3d Cir. 2014).

a certificate of appealability ("COA").

On October 17, 2016, the court issued a Memorandum and Order, (Docs. 66 & 67), and granted King's motion to reopen the time to file an appeal under Fed.R.App.P. 4(a)(6) and motion for an extension of time to file a notice of appeal with respect to the court's March 28, 2016 Order denying his §2255 motion. In its Memorandum, the court pointed out that even though it was reopening the time for King to file an appeal under Fed.R.App.P. 4(a)(6), and granting his motion for an extension of time, it was doing so only to allow King to seek a COA from the Third Circuit. The court also noted that King could not yet properly file a notice of appeal since this court found in its March 28, 2016 Order that there was no probable cause to issue a COA. The court cited to U.S. v. Rinaldi, 447 F.3d 192, 194 (3d Cir. 2006) ("Under 28 U.S.C. §2253(c)(1)(B), '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255.'").

King's notice of appeal, (Doc. 64), construed as an application for a COA, was then transmitted to the Third Circuit.

On December 21, 2016, the Third Circuit issued an Order denying King's application for a COA. (Doc. 68). In its Order, the Court stated:

> Reasonable jurists would not debate the District Court's denial of Appellant [Kings's] motion under 28 U.S.C. §2255. See 28 U.S.C. §2253(c); Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). In that motion, Appellant [King] relied on Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the

2

"residual clause" of the Armed Career Criminal Act, which defines a "violent felony," was unconstitutionally vague. 135 S. Ct. at 2557. But, as the District Court explained, Johnson is inapplicable to Appellant because his sentence was not enhanced based solely on prior violent felonies. Rather, his sentence was enhanced under the Sentencing Guidelines based additionally on "three controlled substance offenses[,]" which were not affected by Johnson. United States v. King, 588 F. App'x 139, 140 (3d Cir. 2014) (not precedential).

Despite the fact that this court declined to issue a COA and the Third Circuit denied King's application for a COA to appeal the denial of his first §2255 motion, on August 19, 2019, King filed a second §2255 motion. (Doc. 71).

On August 26, 2019, the government filed its opposition brief to King's instant motion. (Doc. 73). King did not file a reply brief and the time to do so has expired.

## II. DISCUSSION

King filed his second §2255 motion and he bases it on newly discovered evidence, i.e., he claims that the government breached his plea agreement by supporting the court's determination that he was a career offender as found by the PSR. King claims that if he was sentenced without the career offender enhancement, his sentence would have been 120-months, i.e., the term the parties agreed to recommend in his plea agreement. As such, in his second or successive §2255 motion, King contends that there was a

3

fundamental miscarriage of justice when the government breached his plea agreement.

The government contends that King's instant motion is a second or successive §2255 motion and that it should be dismissed by the court for lack of jurisdiction since King has not obtained the required COA from the Third Circuit.

No doubt that "[King's] [August 19, 2019] §2255 motion constitutes a second or successive §2255 motion because his previous §2255 motion was denied on the merits and his present §2255 motion attacks the same criminal judgment." U.S. v. Hawkins, 614 Fed.Appx. 580, 581 (3d Cir. 2015) (citation omitted). King's instant §2255 motion is also successive because he clearly could have raised his argument that the government breached his plea agreement in his first §2255 motion. "The substance of [King's] challenge [regarding his plea agreement] was both ripe and available at the time of his criminal judgment." *Id.*

Under 28 U.S.C. §2255(h):

[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

4

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. §2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

Thus, even if King seeks to rely upon the "newly discovered evidence" exception in §2255(h)(1), he still must first file a motion with the Third Circuit seeking authorization for the district court to consider his second §2255 motion. *See* §2244(b)(3)(A). As such, this court lacks subject matter jurisdiction to consider King's instant §2255 motion since he has not obtained pre-authorization to file it from the Third Circuit. *See* United States v. Vas, 255 F.Supp.3d 598, 603 (E.D.Pa. 2017) ("A district court lacks jurisdiction to consider a second or successive petition if the Court of Appeals has not first authorized a petitioner to file it.") (citation omitted).

Since the court has found that King's instant §2255 motion constitutes a second or successive petition, "it may either dismiss the petition for lack of subject matter jurisdiction or transfer it to the court of appeals as an application to file a second or successive petition." *Id*. at 603-04 (citation omitted). "In making this decision, courts consider whether the movant has

'alleged facts sufficient to bring his petition within the gatekeeping requirement of §2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law.'" *Id*. at 604 (citation omitted). Here, King has failed to alleged sufficient facts to permit him to file a second or successive §2255 petition based upon newly discovered evidence. As stated, King was well aware of his instant claim alleging that the government breached his plea agreement at the time of his sentencing when it supported "the application of the career offender enhancement" and, the court imposed a sentence of 151-months' imprisonment and failed to adopt the recommendation of both parties, contained in the plea agreement, that his sentence be 120-months.[3] Thus, King could have raised this claim when he filed his first §2255 motion.

Moreover, the court did not sentence King "on the basis of the career offender enhancement due to the government's breach of [the] plea agreement", as he contends. Rather, as the Third Circuit stated in its December 11, 2014 Opinion affirming King's sentence:

> The District Court calculated King's base offense level as 12 with

---

[3]The court also notes that while the plea agreement provided that the government would make a "specific recommendation of a 120 month sentence", it also provided that King understood that the court was "not a party to and [was] not bound by [the plea] agreement nor any recommendation made by the parties", and that the court was free "to impose upon [King] any sentence up to and including the maximum sentence of imprisonment for 20 years." (Doc. 22 ¶'s 10 & 16).

6

a criminal history category of VI. It also provided a reduction of the base level for acceptance of responsibility. U.S.S.G. §3E1.1. Usually, the relevant Guidelines range would be 24 to 30 months, but King has 28 previous convictions, including three controlled substance offenses and two crimes of violence. He therefore qualifies as a career criminal, which increases the relevant range to 151 to 188 months. *Id*. §4B1.1(b). The District Court sentenced him to 151 months, the bottom of the range.

588 Fed.Appx. at 140. The Third Circuit also stated that "we are convinced that King's prison term adequately accounts for his criminal history." *Id*.

### III. CONCLUSION

Accordingly, defendant King's second §2255 motion, (Doc. 71), will be **DISMISSED** for lack of subject matter jurisdiction. Since King has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.[4] An appropriate Order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 20, 2019**

13-0190-05.wpd

---

[4]*See* Slack v. McDaniel, 529 U.S. 473, 484 (2000).